IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY HAMILTONHAUSEY,<br><br>　　Plaintiff,<br><br>　v.<br><br>JILL LEWIS,<br><br>　　Defendant. | No. C 18-6179 WHA (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS AND EXTENSION OF TIME; DENYING MOTION FOR TRIAL DATE; GRANTING LEAVE TO AMEND**<br><br>**(Dkt. Nos. 9, 13, 14, 26)** |

## INTRODUCTION

Plaintiff, a California state prisoner at San Quentin State Prison, filed this pro se civil rights case under 42 U.S.C. § 1983 alleging that defendant violated his constitutional rights. He claims that plaintiff fired him from his prison job assignment based upon his race and gender. Defendant has moved to dismiss for failure to state a cognizable claim for relief. Plaintiff has opposed the motion, and defendant has replied. For the reasons discussed below, the motion to dismiss is **GRANTED** and the case is **DISMISSED.**

## ANALYSIS

A.  **STANDARD OF REVIEW**

Failure to state a claim is a grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87. A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570; *see, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009).

Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Ibid.*

A *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S. at 570 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Symington*, 51 F.3d at 1484.

**B. LEGAL CLAIMS**

1. Pleadings

Plaintiff filed four complaints in this case (ECF Nos. 1, 3, 6, 10). After filing the original complaint, his next complaint (ECF No. 3) was construed, in the Order of Service, as the First Amended Complaint ("FAC") and deemed the operative complaint (ECF No. 5). Plaintiff thereafter submitted two more complaints (ECF Nos. 6, 10), which he has since withdrawn and indicated that he would like to proceed with the FAC (ECF No. 23). Accordingly, the FAC is the operative complaint.

2. Claims

Plaintiff alleges that defendant accused him of stealing property from his prison work job and reported this to plaintiff's supervisor. Plaintiff then lost his job, and he denies having stolen property. Plaintiff alleges that defendant used racial slurs against him, and he claims that she caused him to lose his prison job based upon his male gender and African-American race.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's allegations do not state a cognizable claim for the violation of his constitutional rights. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). Plaintiff has not alleged that defendant treated another inmate who was of a different gender or race and yet who was similarly situated to him differently. There could be no such inmate of a different gender as all the inmates at San Quentin are male. He alleges that she accused him of stealing property from his job, and then reported him to his supervisor and used racial slurs against him. He has not, however, alleged that she believed another inmate had stolen property from his job assignment

3

and yet did not report him to his work supervisor because he was a different race than plaintiff. Defendant's racial slurs, if true, indicate racial animus but do not by themselves amount to a constitutional violation absent her having treated a similarly situated inmate differently. Accordingly, plaintiff has not stated a cognizable claim under the Equal Protection Clause, nor is there any other constitutional right implicated by his allegations.

Leave to amend is ordinarily given, but not where it constitutes an exercise in futility. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). Here, plaintiff amended his complaint multiple times and did not correct this error. On the other hand, plaintiff may not have been aware of this error because his claim was found on initial review under 28 U.S.C. § 1915A, to be cognizable when liberally construed. Accordingly, plaintiff will be given leave to amend to correct this error, assuming he can do so in good faith.

Plaintiff argues that his claim should not be dismissed because it was found cognizable upon initial review. That finding does not preclude a later determination that the claim is not in fact cognizable after reviewing a motion to dismiss under Rule 12(B)(6). *See Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## CONCLUSION

For the reasons set out above, it is hereby ordered as follows:

1. Defendants' motions to dismiss are **GRANTED**. Defendant's motion for an extension of time is also **GRANTED**. Plaintiff's motion for a trial date is **DENIED** as premature; he must amend his complaint to state a cognizable claim for relief.

2. Plaintiff's FAC is **DISMISSED** with leave to amend, as described above, within **28 days** of the date this order is filed. The amended complaint must include the caption used in this order and the civil case number C 18-6179 WHA (PR) and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. <u>Failure to amend within the designated time and in</u>

4

accordance with this order will result in the dismissal of this case.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: May  30 , 2019.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE